(Cuyahoga County, Ohio, Court of Common Pleas.)

POTTER, TEARE & CO, v. ANN JENNMAN, EX'R, et al.

*Probate court setting aside order of sale and adjudgment of priority of liens at subsequent term— What will amount to final order—*

In an action instituted by the widow as executrix, in the Probate Court, to sell her testate's land. she appeared as widow, by attorney, joining in the prayer. and was fully aware of the priority of liens so determined by the court and that the order of the court placed her dower and allowance for a year's support after the payment of certain liens. After the land was sold under this order of the court, sale confirmed and deed ordered, the widow, at a subsequent term of the probate court from the one in which the order of sale etc., was made, moved the court to set aside that order and make a new order adjudging the priorities of liens giving the widow's dower the first lien, which was done. Held, error. The first order of the probate court was a final order, and could not be set aside or modified at a subsequent term except by proceedings under Secs. 5354 and 5365 Rev. Stat.

*Same—Necessary parties—*

It is the duty of the parties instituting the suit, and not of the court, to see that all the necessary parties are brought before the court, and the coming in of a party, after final order, and at a subsequent term will not authorize a vacation or modification of the final order on the motion of one of the original parties with whose consent such final order was entered, except in strict compliance with the provisions of the statute relating to such vacation or modification of final orders or decrees.

---

NOBLE, J.

In a proceeding in the probate court to sell land by Ann Jennman, executrix, an order was made December 21, 1894, fixing the priorities of

liens, and providing that the land be sold free of dower; the widow of the deceased owner, who is the present executrix, appearing by attorney, joining in the prayer, and being fully aware of the priority of liens, and that the order of the court provided that after the payment of certain liens, (Potter, Teare & Company holding the fourth upon the property in controversy,) the residue should be applied to the payment of her year's support and her dower.

The land was sold under the order of the court, and on January 20, 1895, the sale was confirmed and deeds ordered.

On April 9, 1895, an order was made setting aside the previous order of distribution.

On April 18, 1895, that order was set aside, leaving the original order standing, and leave was given the executrix to file a petition to set aside the December order.

To this a demurrer was filed.

On May 20, this was overruled, with the order that the petition be treated as a motion, and that the order of December was merely interlocutory, and that it be set aside and a new order of priorities be adjudged giving the widow's dower the first lien, and cutting out Potter, Teare & Company entirely, as the property had not brought sufficient to reach them under the new order.

Potter, Teare Company complain of this as error, on the ground that the December order was a final order, and that the orders made subsequently were at a subsequent term of the probate court, and could not be made except as provided by Secs. 5354 to 5365, Rev. Stats.

It is conceded that these provisions have not been complied with, and the question is made whether the December order was final or interlocutory. If the former, the subsequent action of the court was error. If the latter, it was not. It is contended on the part of the widow that it was merely interlocutory, setting up further that the court was justified in its action for the reason that on March 11, 1895, on application of Tim Leahy & Son, they, Tim Leahy & Son became new parties defendant and filed answer and cross-petition on March 12, one day before the order of sale was returned, March 13. The court approved the sale and made the entry: "The distribution of the proceeds and assignment of dower are to abide the further order of the court."

By Chap. 5, Div. 4, Code of Civil Procedure, Sec. 5365, the probate court is considered as holding three terms a year, commencing on the first day of January of each year; so that any orders made subsequent to January 31, 1895, would be at another term; and by the same chapter of the code, provision is made as to how its order may be vacated both at the term at which they are made, and at a subsequent term, making the provisions relating to the common pleas court applicable thereto.

Was the order of December 1894, a final order within the meaning of the law? We are not without authority from our own Supreme Court as to what a final order is. In the case of Evans v. Dunn and Witt, 26 Ohio St., 439, the question arose. That was a suit for the settlement of partnership matters, and the trial court made certain preliminary findings, directed the manner of stating the account, and referred to a master to state the account and make a report. This was an interlocutory order. It was fully complied with, exceptions taken to the report, which were partly sustained, and the report was modified and approved and confirmed, and the amount due from the firm to the parties found and decreed, and the firm property ordered sold by the trial court. The Supreme Court uses this language upon the state of facts, "Manifestly this was a complete determination and disposition of the whole merits of the case about which there was any controversy, and was therefore a final decree," quoting

from the case of Kelly v. Stanberry, 13 Ohio 422. And the court further says, that the order to sell could in no way affect the termination of the case upon its merits, and was simply in execution of the final decree, and the duties to be performed under it were purely ministerial, except as to the distribution of the proceeds of the sale, which followed as a matter of course, in accordance with the final decree.

This case certainly is in many respects similar to the one at bar. The order of December, 1894, seems to the court to come fairly within the rule laid down by the Supreme Court in that case. The same doctrine is held in the case Kelly v. Stanberry, 13 Ohio 422, which was referred to in that case. In the case at bar, all that remained to be done was to complete the sale. All the rights of the parties were fixed, the distribution of the proceeds was fully and finally provided for, and everything that remained to be done was in execution of the decree; and the confirmation of the sale and other proceedings after December 21, could only be in execution of the decree. The fact that other orders became necessary, would not make it less final, so long as there were no material facts to be ascertained affecting the rights of the parties. The priorities were all found and determined by the decree.

It is claimed, however, on the part of Mrs. Jennman, that because Tim Leahy & Son were not party defendants in the original action in the probate court, and only became so after the decree of December 21, is sufficient to allow her to insist upon a new order of distribution. It will be remembered, however, that the widow filed an answer and consented to the decree of December 21, in which it was specifically set forth where her claim for dower and year's support should be placed as to priority. Can she, thus having filed her answer, appeared by her attorney and consented to the decree placing her rights just where that decree placed them, now come in and take advantage of the fact that Leahy & Son not being original parties to the action, came in by leave of court at a subsequent term? Can it avail her?

The consent decree of December 21, did not prejudice the rights of Tim Leahy & Son; sale could be made without their being parties; and the sale was made according to law, and valid in all respects. The purchaser bought an incumbered title, but it was a valid sale for all that. In granting to Tim Leahy & Son the right to file a cross-petition, the order of December 21, was not vacated, and Leahy & Son have not asked to have the judgment set aside or modified in any way. There was no determination of their rights, and their rights were not prejudiced. If there was any surplus remaining after settling the liens provided for in the order of December 21, Tim Leahy & Son would have a right to ask that their claim against the same be protected; but the mere fact that they were not parties to the original suit, would not justify the court in setting aside its order in the way that it was done; neither would it, in the opinion of the court, give the widow a right, after having consented to the decree fixing her dower and its order of priority, to have that order opened, and change her order of priority. And it certainly would be most unfair to petitioners in error, after their rights were fixed and the priority determined, and the property sold, the proceeds of the sale being just enough to meet their claim, to now set aside their right and cut them out entirely from participating in the proceeds of the sale, and with no opportunity to protect themselves by bidding at the sale. The code, indeed, does not provide that it is the duty of the courts to see that all necessary parties are brought before the court, and the case in the 35th Ohio St., 642, lays it down as the duty of the plaintiff instituting the suit to see that the necessary parties are brought before the court; but, after making what the court has held to be a final order, that final order certainly

cannot be vacated by virtue of the provisions of the statute providing for the bringing in of all parties, unless the requirements of the law relating to such vacation after the term are strictly complied with. It is conceded here that they have not been.

Holding as I do, that the order of December, 1894, was final, it follows that there was error in the proceedings of the probate court, and its finding is therefore reversed.

Alfred Clum, and Chapman & Howland, Attorneys for Plaintiffs in Error.

Marvin & Shupe, Attorneys for Defendants in Error.